[Cite as *Morrison v. Ohio Dept. of Transp.*, 2010-Ohio-5471.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARILYN MORRISON

   Plaintiff

   v.

OHIO DEPARTMENT OF TRANSPORTATION

   Defendant

   Case No. 2010-05013-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1}   Plaintiff, Marilyn Morrison, filed this action against defendant, Department of Transportation (ODOT), contending her 1998 Honda Civic was damaged as a proximate cause of negligence on the part of ODOT personnel in maintaining hazardous roadway conditions on Interstate 680 in Mahoning County.  Specifically, plaintiff claimed her car was damaged when the vehicle struck two "long & deep potholes which were consecutive & stretched 3/4 across the width" of the particular roadway area.  Plaintiff located the damage-causing potholes on "the Connecticut exit after traveling west on 680."  Plaintiff recalled the incident occurred on March 9, 2010 at approximately 12:00 p.m.  Plaintiff filed this complaint seeking to recover damages in the amount of $493.36, the total expense incurred for replacement parts and related automotive repairs that were needed due to the March 9, 2010 described incident.  The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2}  Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the roadway defects on Interstate 680 prior to plaintiff's March 9, 2010 damage event.  Defendant related that ODOT's "investigation indicates

that the location of plaintiff's incident was at milepost 4.07 on I-680 in Mahoning County." Defendant denied receiving any prior calls or complaints about potholes in the vicinity of that location. Defendant asserted plaintiff did not offer any evidence to establish the length of time the potholes existed in the vicinity of milepost 4.07 on Interstate 680 prior to 12:00 p.m. on March 9, 2010. Defendant suggested "it is more likely the pothole existed for only a short time before the incident." Defendant argued plaintiff cannot prevail in a claim involving damage from potholes when requisite notice on the part of ODOT cannot be established.

{¶ 3}  Alternatively, defendant contended plaintiff did not produce any evidence to prove the roadway was negligently maintained. Defendant advised the ODOT "Mahoning County Manager examines all state roadways within the county at least two times a month." Defendant further advised "[g]iven this is a busy interstate, inspections are done almost daily." Apparently, no potholes were discovered at milepost 4.07 on Interstate 680 the last time that particular section of roadway was examined or inspected prior to 12:00 p.m. on March 9, 2010. The claim file is devoid of any inspection or examination record. Defendant noted "[a] review of the six-month maintenance history also reveals the exact degree of general maintenance and inspection conducted to ensure a properly maintained roadway." Defendant submitted a copy of the "Maintenance History" for Interstate 680 covering the time period from September 1, 2009 to March 9, 2009. The submitted "Maintenance History" references pothole patching operations conducted by ODOT personnel. The document records pothole patching was done in the vicinity of plaintiff's incident on January 19, 2010, February 1, 2010, and March 3, 2010. Defendant asserted the ODOT "inspection and maintenance program proves the state route is not negligently maintained."

{¶ 4}  Plaintiff filed a response stating "[n]either did I create the 2 large potholes that I hit nor did I purposefully hit them." Plaintiff did not provide any evidence to establish the length of time the potholes existed prior to 12:00 p.m. on March 9, 2010. Plaintiff advised that had she had prior knowledge of the potholes she would not have chosen to travel on that section of Interstate 680. Plaintiff disputed defendant's assertion that ODOT conducts frequent inspections of Interstate 680. Plaintiff implied the potholes due to their large size would have been detected if inspections were conducted on a frequent basis. Plaintiff argued evidence of no prior complaints

regarding the particular potholes "is irrelevant."

{¶ 5}   For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes a basis for a choice among different possibilities as to any issue in the case he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6}   Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7}   In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.  There is no evidence defendant had actual notice of the potholes on Interstate 680 prior to 12:00 p.m. on March 9, 2010.

{¶ 8}   Therefore, to find liability based on notice, plaintiff must prove that ODOT had constructive notice of the defects.  The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department*

(1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 9} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defects are insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, 31 Ohio Misc. 2d 1, 31 OBR 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown ODOT had constructive notice of the potholes.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the potholes.

{¶ 11} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that her property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


MARILYN MORRISON

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-05013-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


                        _____
                        DANIEL R. BORCHERT
                        Deputy Clerk


Entry cc:


Marilyn Morrison                    Jolene M. Molitoris, Director
2939 Howell Drive               Department of Transportation
Poland, Ohio  44514             1980 West Broad Street
                            Columbus, Ohio  43223

RDK/laa
6/15
Filed 7/14/10
Sent to S.C. reporter 11/5/10